Memorandum. Although appellant’s counsel sought to present a defense of insanity, appellant stated that he did not desire to raise such defense and specifically refused to cooperate with both defense and prosecution psychiatrists. As a consequence, the trial court properly precluded the appellant from introducing into evidence psychiatric testimony that would support this defense.
 
 (Matter of Lee v County Ct. of Erie County,
 
 27 NY2d 432, 443, cert den 404 US 823.) The trial court also instructed the jury that the presumption of sanity had not been overcome and that appellant was presumed to be sane. The appellant contends that this was error because his "bizarre” courtroom behavior and the "motiveless and inexplicable nature of the crime itself’ constituted non-psychiatric evidence of his insanity. Defendant’s courtroom behavior in late April and early May, 1973, is probative of his mental state on March 15, 1971, the date of the offense. Similarly, that the crime was allegedly motiveless (in fact, it was not—the first homicide victim had addressed a racial slur to the defendant, the second was attempting to prevent appellant from fleeing the scene of the crime) does reflect upon the defendant’s sanity. Although the defendant’s courtroom behavior and the very nature of the crime itself may be relevant to a consideration of defendant’s sanity at the time of the commission of the offense where his sanity has been put in issue (see
 
 People v Kelly,
 
 302 NY 512;
 
 People v Hoch,
 
 150 NY 291), such evidence, standing alone without other proof tending to support a claim of insanity, does not suffice to create an issue of fact for the jury. Since there was no direct evidence at all that defendant was insane at the time of the crime and defendant personally declined to raise the issue, the trial court properly removed this issue from the jury’s consideration. (Cf.
 
 People v Silver,
 
 33 NY2d 475, 483.)
 

 In affirming, we note that the
 
 Lee
 
 case
 
 (supra)
 
 precludes the defendant from offering psychiatric evidence as to his sanity
 
 *905
 
 in the event he refuses to submit to an examination by a prosecution psychiatrist. As noted in the opinion, the defendant may still introduce competent nonpsychiatric evidence bearing on his sanity. (27 NY2d, at p 442.) The People, however, may reply with nonpsychiatric evidence or with psychiatric testimony based upon observation of the defendant in the courtroom or elsewhere. Thus, for example, in this case the People could have produced medical testimony that the appellant’s courtroom behavior was feigned or was a sham.
 

 As to the other contentions advanced by appellant, we hold that the trial court satisfactorily complied with CPL article 730 and that there was sufficient evidence from which the trial court could find, as it did, that juror No. 8 was competent during the period of his jury service.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Order affirmed in a memorandum.