■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN McMILLAN, Appellant. [622 NYS2d 935] —Judgment, Supreme Court, Bronx County (John Collins, J.), rendered December 5, 1990, convicting defendant, after a jury trial, of two counts of rape in the first degree, two counts of sodomy in the first degree, five counts of sexual abuse in the first degree, three counts of reckless endangerment in the first degree, and ten counts of assault in the second degree, and sentencing him to two consecutive terms of 8⅓ to 25 years on the rape counts, to be served concurrently with concurrent terms of 8⅓ to 25 years on each sodomy count, 1 to 3 years on each sexual abuse count, 2⅓ to 7 years on each reckless endangerment count, and 1 year on each assault count, unanimously affirmed. Orders, same court and Justice, entered on or about January 27, 1994 and February 28, 1994, which denied, respectively, defendant's motion to vacate the same judgment of conviction,

and defendant's motion to unseal a record and produce minutes, unanimously affirmed.

The record amply supports the court's determination that defendant was not an incapacitated person. The hearing court, whose evaluation of expert testimony and lengthy observation of defendant are entitled to substantial deference *(People v Robustelli,* 189 AD2d 668, 672, *lv denied* 81 NY2d 975), properly accepted the conclusions of the psychiatrist who evaluated defendant at great length in a hospital setting. Defendant's irrational refusal to cooperate with his attorney at various stages of the proceedings *(see,* 148 Misc 2d 738) did not establish incompetency to stand trial *(see, People v Sullivan,* 48 AD2d 398, 400, *affd* 39 NY2d 903).

The competency hearing was not procedurally defective. The initial examination by two psychiatrists complied with the requirements of CPL 730.20 (1), and the hearing court, after honoring defendant's right to call an expert witness at the hearing, had discretion to deny, on grounds of unreasonable delay, examination by yet another expert *(see, People v Christopher,* 65 NY2d 417, 425).

Defendant's motion to vacate the judgment pursuant to CPL article 440 was properly denied without a hearing. Viewing defendant's allegations in the light most favorable to defendant, they would, at most, cast doubt upon the bona fides of the People's refusal to grant defendant's wife the immunity required in order to compel her to testify as a defense witness on the issue of defendant's sanity, since the People apparently had little desire to bring the case against defendant's wife to trial. These allegations did not establish that the People had secretly granted the wife de facto immunity, and, in any event, defendant would not be entitled to a new trial, because his wife's testimony would have been cumulative or irrelevant to the sanity issue. Obviously, "the prosecutor's decision in this case did not deprive the defendant of all witnesses for the defense" *(People v Adams,* 53 NY2d 241, 248; *see also, People v Owens,* 63 NY2d 824).

Since the motion lacked any merit, it was also an appropriate exercise of discretion for the court to deny it on procedural grounds (CPL 440.10 [3] [a], [c]). In view of all these circumstances, it was proper for the court to deny access to sealed records of defendant's wife's case. Concur—Wallach, J. P., Rubin, Ross, Asch and Mazzarelli, JJ.