*832 OPINION OF THE COURT
Anne G. Feldman, J.
Defendant moves for an in limine ruling that CPL 250.10 does not require her to provide notice of prospective expert psychiatric evidence which will be offered at a Huntley hearing and possibly at trial. Specifically, defendant seeks to proffer this psychiatric evidence to show her mental state at the time of a postarrest statement in order to "challenge the voluntariness, reliability and probative value” of that statement. Defendant contends that the statutory notice requirement is restricted to cases where the psychiatric testimony will bear on defendant’s mental state at the time he/she committed the crime.
In what appears to be a case of first impression the court finds defendant’s interpretation of CPL 250.10 to be too narrow and therefore denies her motion.
Under CPL 250.10 (2) admissibility of "psychiatric evidence” by defendant is contingent upon defendant’s serving timely notice to the prosecution of an intention to offer such evidence. In the interest of justice and for good cause shown the trial court may permit late notice (ibid.). Upon receiving such notice the prosecution may apply to the court for an opportunity to submit defendant to a psychiatric examination by an expert of their choosing (CPL 250.10 [3]).
Psychiatric evidence is defined pursuant CPL 250.10 (1) as:
"(a) Evidence of mental disease or defect to be offered by the defendant in connection with the affirmative defense of lack of criminal responsibility by reason of mental disease or defect.
"(b) Evidence of mental disease or defect to be offered by the defendant in connection with the affirmative defense of extreme emotional disturbance as defined in paragraph (a) of subdivision one of section 125.25 of the penal law and paragraph (a) of subdivision two of section 125.27 of the penal law.
"(c) Evidence of mental disease or defect to be offered by the defendant in connection with any other defense not specified in the preceding paragraphs.” (Emphasis supplied.)
It is defendant’s position that because the statute speaks of psychiatric evidence only in the context of "defenses” it does not require notice here. However, both judicial interpretation of CPL 250.10 and fundamental fairness militate against such a constricted statutory interpretation.
In People v Segal (54 NY2d 58), testimony of the defendant’s experts that defendant suffered a memory defect and could not *833 form the intent to lie before a Grand Jury was held to have been properly stricken when defendant would not consent to an examination by prosecution experts. The Court held that defendant could not place his mental capacity in issue to negate the specific intent required for a perjury conviction and then deny the prosecution the opportunity to meet its burden of proof. In People v Rossi (163 AD2d 660), where defendant proffered evidence of a personality disorder to counter the prosecution’s allegation that his impairment was attributed to drug usage, the trial court was found to have properly authorized an independent examination by the prosecution. Most recently, in People v Berk (88 NY2d 257), the Court of Appeals expanded the parameters of what constitutes psychiatric evidence. There the Court held the plain language of CPL 250.10 requires notice of an intention to offer psychiatric evidence irrespective of whether the expert actually examined the defendant. The prosecution was entitled to obtain its own expert to assess these conclusions and to refute the defendant’s witness.
This expansive view of what constitutes "any defense” as used in CPL 250.10 encompasses the instant case. The prospective psychiatric evidence explaining defendant’s state of mind at the time of her statement is basically a "defense” to the admissibility of that statement. Its objective is to exclude a vital portion of the prosecution’s proof. Fairness therefore dictates the prosecution be afforded an opportunity to examine defendant in an effort to rebut the defense evidence. The prosecution should not be handicapped by a constricted interpretation of the legislative intent.
The Commentary offers a similar view. "[T]he right of the People to conduct such an examination is not dependent upon the purpose for which that evidence is submitted. If the evidence is relevant to the defendant’s case, it is evidence the People must meet; and fairness requires an opportunity for the examination.” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 250.10, at 332.)
The prosecution must prove beyond a reasonable doubt the voluntariness of defendant’s statement. To meet this heavy burden it must be equipped to challenge effectively the opinion of defendant’s expert who apparently has examined defendant and whose testimony will undoubtedly reflect conclusions from such examination. The prosecutor’s right to examine the defendant independently where the defendant has raised the issue of mental competency is grounded in principles of fairness *834 and is essential to preserving the integrity of the fact-finding process. (People v Berk, supra, at 264-265.)
Accordingly, defendant’s motion in limine is denied.