OPINION OF THE COURT
Mark C. Dillon, J.
The People move for an order striking the defendant’s notice of intent to proffer psychiatric testimony (hereinafter referred *287 to as the Notice). The defendant stands indicted for murder in the first degree under Penal Law § 125.27 (1), two counts of murder in the second degree under Penal Law § 125.25 (1) and (3) respectively, and robbery in the first degree under Penal Law § 160.15 (3) arising out of an incident that allegedly occurred on August 30, 1996 which resulted in the death of Phillip Kaufman. On June 9, 1997, the defendant served the Notice, which the parties concede is beyond the 30-day limit of CVPL 250.10 (2). Defendant opposes the relief and seeks to utilize psychiatric testimony in defense of the charges set forth in the indictment.
CPL 250.10 (2) provides that psychiatric evidence is not admissible at trial "unless the defendant serves upon the people and files with the court a written notice of his intention to present psychiatric evidence.” The statute also requires service and filing of the written notice prior to trial and not more than 30 days after entry of the not guilty plea. Nevertheless, the statute permits a late notice to be filed prior to the close of evidence, where it is in the interest of justice and for good cause shown.
The determination as to whether to permit a defendant to serve and file a late notice of intent to produce psychiatric evidence is a discretionary determination to be made by the trial court. (See, CPL 250.10 [2]; see also, People v Berk, 88 NY2d 257, 265-266 [1996]; People v Di Donato, 87 NY2d 992, 993 [1996].) As noted by the Court of Appeals, however, judicial "discretion * * * is not absolute. Exclusion of relevant and probative testimony as a sanction for a defendant’s failure to comply with a statutory notice requirement implicates a defendant’s constitutional right to present witnesses in his own defense”. (People v Berk, supra, at 266; see also, US Const 6th, 14th Amends.) As such, the court must weigh the constitutional right of the defendant against the resultant prejudice to the People in making its determination. (People v Berk, supra, at 266.)
The court finds that defendant’s counsel has set forth cause for the failure to timely file the Notice including the voluminous motion practice previously conducted in the case, the issues underlying the potential imposition of the death penalty, and the physical illness of the defendant’s counsel coupled with the fire in counsel’s house on October 4, 1996. Additionally, the defendant has a constitutional right to present probative evidence in his defense, which must be accorded its due weight.
*288 In contrast, any prejudice to the People can be mitigated. The trial is not scheduled to commence until September 17, 1997. Indeed, DNA test results, which are still outstanding, will not be obtained until the end of August 1997. Under these circumstances, there is minimal prejudice to the People in permitting the Notice to stand.
Accordingly, the motion to strike is denied unless the following conditions are not complied with on or before the operative dates set forth below:
(a) The defense psychiatric report of Dr. Alan Goldstein, which defense counsel represented would be prepared and completed shortly after July 9, 1997, shall be furnished to the People, if not already exchanged, including all documentary evidence utilized by Dr. Goldstein to formulate his opinion, by July 25, 1997;
(b) The defense shall provide the People with all documents reflecting the social history and psychological assessment of the defendant from the mitigation expert retained by the defense by July 25, 1997;
(c) The defense shall provide all witness statements, records and medical histories utilized by Dr. Goldstein to formulate his opinion by July 25, 1997; and
(d) The defendant shall submit to an examination (or examinations) by a psychiatrist or psychologist designated by the People, such designation to be made on or before August 1, 1997 and the examinations to be concluded on or before August 29, 1997 (unless further examinations are required in the opinion of the People’s expert and the court is so advised of any request for an extension by letter received on or before August 29, 1997). Any such psychiatric report shall be provided to the defense on or before September 12, 1997.
(e) The defense shall submit to the court proof of service as to materials exchanged.
The conditions listed above are self-executing, and in the event of noncompliance by the defense, the motion to strike is granted.
In fashioning the remedy herein, the court has balanced the constitutional right of the defendant to present evidence on his behalf against any prejudice to the People. The order entered adequately safeguards both interests.