OPINION OF THE COURT
Richard C. Giardino, J.
This matter comes on before the court on the application of the People, by notice of motion filed August 26, 1998, for an order pursuant to CPL 250.10 (3) directing defendant to submit to an examination by a psychiatrist designated by the District Attorney. In the alternative, the People seek an order precluding defendant from offering evidence of his intoxication on the date in question, or evidence relating to the defense of extreme emotional disturbance, due to his failure to file notice of his intent to offer psychiatric evidence under CPL 250.10 (2).
After initially submitting no response by the original return date of this motion (Sept. 11, 1998), counsel for defendant requested permission to submit a written response, after the issue was discussed by the parties at a conference held in chambers during the week after the original return date. That response was submitted on September 23, 1998, and the People were granted until September 25 to submit their reply, which was done.
In this court’s previous ruling on defendant’s omnibus motion, the portion of that motion seeking permission to file a late CPL 250.10 notice was deemed moot, as defense counsel had indicated to the court that he did not intend to file such a notice. The materials submitted in support of this motion and in opposition thereto have shown, however, that the question still has life. The differing viewpoints expressed in the papers submitted on this motion are based on the language of CPL 250.10, which reads in relevant part as follows:
“1. As used in this section, the term ‘psychiatric evidence’ means * * *
*556 “(b) Evidence of mental disease or defect to be offered by the defendant in connection with the affirmative defense of extreme emotional disturbance * * *
“(c) Evidence of mental disease or defect to be offered by the defendant in connection with any other defense * * *
“2. Psychiatric evidence is not admissible upon a trial unless the defendant serves upon the people and files with the court a written notice of his intention to present psychiatric evidence * * *
“3. When a defendant, pursuant to subdivision two of this section, serves notice of intent to present psychiatric evidence, the district attorney may apply to the court, upon notice to the defendant, for an order directing that the defendant submit to an examination by a psychiatrist or licensed psychologist”.
The outcome turns on the determination of two main issues: (1) whether evidence to be proffered by defendant requires the filing of a CPL 250.10 notice, and (2) whether the People are entitled to a psychiatric examination. The answer to the first of these questions is yes, and the answer to the second is no.
THE NOTICE REQUIREMENT
The People seek a psychiatric examination of defendant despite the latter’s failure to file a CPL 250.10 notice. According to the motion papers submitted by the People, “defendant’s attorneys have indicated on several occasions — both in Court and on papers — that the defendant may rely upon the defense of intoxication in an attempt to negate the specific intent element insofar as the various specific intent crimes charged and upon the affirmative defense of extreme emotional disturbance.” The People point out that extreme emotional disturbance is specifically listed in the statute, and cite People v Berk (88 NY2d 257), the most recent Court of Appeals case on this subject.
The Berk opinion (supra) addressed an appeal by a defendant who asserted error by the trial court for excluding proffered expert testimony due to that defendant’s failure to file a CPL 250.10 notice. The argument advanced by the defendant in Berk was that the psychiatrist at issue there had not examined the defendant, thus obviating the need for a CPL 250.10 notice. The opinion discussed the purposes of CPL 250.10, including an examination of the legislative intent behind it. Noting that the Legislature sought to “ensure the prosecution sufficient opportunity ‘to obtain the psychiatric and other evidence necessary to refute’ the proffered defense of mental infirmity” (supra, at 264 [emphasis in original]), the *557 Court of Appeals held that the notice requirement applied to any “mental health evidence” (at 265) to be offered by a defendant in connection with a defense of mental infirmity, which included testimony by a psychiatrist who had not actually examined the defendant. The People assert that this reasoning applies with equal force to defendant’s evidence of intoxication and extreme emotional disturbance.
Defendant’s opposition to this motion is principally that “the defense does not intend to present ‘psychiatric evidence’ at the trial.” Defendant asserts (without citing direct authority) that “psychiatric evidence” is testimonial or documentary evidence from a psychiatrist or psychologist. He seeks to distinguish Berk (supra) by asserting that the actual holding in that case dealt only with the testimony of the psychiatrist concerned there. Defendant states in some detail his intention to rely on lay witness testimony concerning his family and social background, including his dysfunctional family life and longstanding problems with alcohol.
Defendant argues that the defense of extreme emotional disturbance can be established without psychiatric evidence. He cites People v Moye (66 NY2d 887), where a defendant was held to be entitled to a jury instruction on extreme emotional disturbance based solely upon the defendant’s own statement. The Court of Appeals stated rather flatly in Moye that psychiatric evidence is not necessary to establish a defense of extreme emotional disturbance (supra, at 890, citing Matter of Lee v County Ct., 27 NY2d 432, 442). Defendant also cites People v Hartsock (189 AD2d 991), where the Third Department affirmed a case where a jury had been instructed on extreme emotional disturbance, while noting that “[n]o psychiatric testimony was presented” on the issue (supra, at 992).
The Berk opinion (supra) went into the legislative history behind CPL 250.10 because the Court of Appeals was grappling with a problem with the definition of “psychiatric evidence” in that statute. Before CPL 250.10 was amended to include defenses such as extreme emotional disturbance, the term was tied to the insanity defense, and necessarily involved testimony by, or reports from psychiatrists (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 250.10, at 331). Unfortunately, while the Court of Appeals took pains to expand the notice requirement to include all “mental health evidence”, that term is not itself defined in the opinion, thus leaving the question partially unanswered.
The range of rulings on what constitutes psychiatric evidence thus remains rather large. At one end are those cases *558 such as in the Moye and Hartsock cases (supra) cited by defendant, which appear to allow jury instruction on extreme emotional disturbance if sufficient evidence is present, irrespective of the presence or absence of a CPL 250.10 notice. At the other end are cases where the lack of a CPL 250.10 notice precludes jury instruction on extreme emotional disturbance (People v Felix, 232 AD2d 228) or even the introduction of any evidence of a defendant’s state of mind (People v Beecher, 225 AD2d 943). Indeed, one can find case law holding that lay testimony is psychiatric evidence (e.g., People v Fratt, 146 Misc 2d 77, 82) and that it is not psychiatric evidence (e.g., People v Clark, 94 AD2d 846).
In deciding this portion of the motion, it is helpful to return to the rationale applied in the Berk opinion (88 NY2d 257, supra). The Court of Appeals noted the purpose of the notice provision to prevent a disadvantage to the prosecution due to the surprise introduction of evidence by the defendant (People v Berk, supra, at 263) and to afford the prosecution the opportunity to procure evidence to meet a defendant’s evidence (supra, at 265). The very motion papers submitted by the People clearly indicate that surprise is not an issue in this case. The People are, by their own admission, well aware of the type of evidence contemplated by defendant. The People also have asserted no need for evidence they find necessary to meet defendant’s defenses, other than the examination sought by this motion.
 The People thus have not been particularly prejudiced by defendant’s failure to file a CPL 250.10 notice thus far. On the other hand, given the still-unsettled state of the law where the definition of psychiatric evidence is concerned, defendant would be highly prejudiced if this court were to preclude him from offering the lay testimony he describes because of his failure to file a CPL 250.10 notice which he feels is unnecessary. Therefore, this court will treat the affidavit of defense counsel in opposition to this motion as a notice of intent to offer psychiatric evidence under CPL 250.10, “so as not to exact form over substance and thereby substantially prejudice the defendant” (People v Daly, 146 Misc 2d 901, 902).
THE PSYCHIATRIC EXAMINATION
The decision on the People’s request for a psychiatric examination, while a separate issue from the need for a CPL 250.10 notice (CPL 250.10 [3]), rests on the same rationale. The People appear to argue that defendant’s indicated intention to proffer *559 lay testimony as to his mental state entitles them to a psychiatric examination as quid pro quo. In arguing for an examination, the People focus on the following statement from the Berk opinion: “To be sure, this Court has recognized that the prosecutor’s right to examine the defendant independently where the defendant has raised the issue of mental competence is grounded in principles of fairness and is essential to preserving the integrity of the fact-finding process (see, People v Segal, 54 NY2d 58, 65)” (People v Berk, supra, at 264-265). However, the People overread Berk in this regard. The quotation is part of the Court’s discussion seeking a parallel between the use of the term “psychiatric evidence” in the context of the insanity defense and its use in the context of extreme emotional disturbance. The referenced portion of the Segal opinion reads as follows: “In Lee it was noted that the prosecutor’s right to examine the defendant although recognized by statute was also, and more broadly, based on principles of fairness and the integrity of the trial process. We observed that once a defendant raised the issue of his mental competence the People had the burden of proving his sanity and rejected the notion that ‘a defendant who proffers an insanity defense may hide behind the defense because of his privilege and thereby make the People’s burden of proving sanity insurmountable’ [citing Matter of Lee v County Ct., supra, at 440]” (People v Segal, supra, at 65). The Segal opinion thus was concerned with the notions of fairness and equality of opportunity to obtain relevant evidence ultimately used by the Berk Court to fashion its ruling. The Court of Appeals in Segal went on to conclude as follows: “Thus the trial court properly held that the defendant could not submit expert testimony in support of his defense unless he afforded the People an opportunity to examine him so that they may submit evidence of similar quality” (supra, at 67 [emphasis added]).
The distinction being blurred by the People on this motion is that between a proffer (or potential proffer) of psychiatric evidence that is sufficient to require a CPL 250.10 notice, and a proffer of psychiatric evidence which entitles the People to an order directing the psychiatric examination of a defendant. As with the argument advanced by defendant that he is not seeking to use “psychiatric evidence”, this is symptomatic of the somewhat ragged state of the law defining that term. However, the distinction is an important one, because of every criminal defendant’s Fifth Amendment protection against self-incrimination. A court ordering a defendant to be examined by *560 a psychiatrist or psychologist is effectively forcing that defendant to testify against himself. He must be examined by a psychiatrist or psychologist employed by the People, and tell that person very sensitive information about himself; information so sensitive and potentially prejudicial that it is ordinarily protected by the physician-patient privilege (see, Prince, Richardson on Evidence §§ 5-302, 5-317 [a] [Farrell 11th ed 1995]).
The Lee opinion (supra) dealt with a defendant who raised an insanity defense, and was examined by a psychiatrist in furtherance of that defense. The Segal opinion (supra) dealt with a defendant who presented testimony by a psychiatrist and by a psychologist who, having examined him, testified that he suffered from an organic brain defect. By taking the affirmative step of being examined in order to further their own ends, these defendants were held to have waived their Fifth Amendment and physician-patient privileges, and the prosecution was allowed to obtain “evidence of similar quality’ (People v Segal, supra, at 67; Matter of Lee v County Ct., supra, at 440; see also, People v Cruickshank, 105 AD2d 325, affd on other grounds sub nom. People v Dawn Maria C., 67 NY2d 625 [defendant underwent several psychiatric evaluations, including treatment with sodium amytal, to probe incidents of abuse at the hands of the decedent]).
This same rationale has been applied to require disclosure, under CPL 240.30, of written reports prepared by defense experts (see, People v Daly, supra; People v Fratt, supra). The courts will not allow a criminal defendant to gather such material to be placed in evidence, but then hide behind a physician-patient or Fifth Amendment privilege and prevent the People from offering evidence of similar quality. However, this court has found no case where a defendant has been directed to submit to psychiatric examination without first being examined themselves by their own psychiatrist. Such a requirement would run counter to the Fifth Amendment, and would tip the balance struck by the cases cited above unfairly toward the prosecution.
The People have also cited People v Sullivan (39 NY2d 903) as favoring their entitlement to a psychiatric examination in the absence of testimony or other evidence by a defense psychiatrist. However, Sullivan does not go that far. In attempting to strike the balance between the prosecution’s ability to present their case and the defendant’s constitutional rights, the Sullivan Court noted that, faced with bizarre courtroom behavior that might call into question the defendant’s mental state, the *561 prosecution could present on rebuttal expert testimony by a psychiatrist who had observed the defendant, in the courtroom or elsewhere. The Court did not order an examination of the defendant.
Given the foregoing, this court denies the motion by the People seeking a psychiatric examination of defendant. However, in order to strike the balance between the People and defendant as outlined above, should defendant offer the lay testimony described in his motion papers here, the People will be allowed to present rebuttal testimony by expert witnesses who have observed defendant and the trial proceedings.
Wherefore, it is hereby ordered, that the affirmation submitted by counsel for defendant and filed with this court is hereby deemed a notice of intent to present psychiatric evidence under CPL 250.10; and it is further ordered, that the motion by the People seeking an order directing the psychiatric examination of defendant is hereby denied; and it is further ordered, that if defendant offers at the trial of this matter lay testimony as to his intoxication on the night in question and/or the conditions of his upbringing which may amount to evidence of his extreme emotional disturbance on the night in question, then the People shall be entitled upon rebuttal to present expert witnesses who, having observed defendant and the trial proceedings, may testify upon hypothetical questions based on the evidence presented as to the level and effect of defendant’s intoxication on the night in question, and the likelihood that defendant experienced extreme emotional disturbance on the night in question.