OPINION OF THE COURT
Frank J. LaBuda, J.
This matter comes on by order to show cause (OSC) of the Sullivan County District Attorney seeking to strike defendant’s notice of intent to proffer psychiatric evidence under CPL 250.10 or, in the alternative, for psychiatric examinations to be conducted by the prosecution and discovery.
Defendant, along with codefendant, William C. Banker, was indicted by indictment No. 70/98 dated April 8, 1998, which was superseded by indictment No. 80/98 dated May 4, 1998, charging her with murder in the first degree, murder in the second degree and additional charges, and arraigned on both indictments. Said charges stem from the alleged torture, sexual abuse and death of Christopher Gardner, the 3x/2-year-old son of defendant Irwin.
On July 28, 1999 defendant served upon the District Attorney, and filed with the Court Clerk, an undated “notice of INTENT TO PROFFER PSYCHIATRIC EVIDENCE CPL § 250.10” (Notice). Said Notice indicated that defendant would proffer certain psychiatric evidence at trial consisting of educational records from various elementary and secondary schools, records from the *115 Sullivan County Division of Health and Family Services, birth records from Arden Hill Hospital and lay witnesses. The Notice also specified that the defendant “does not intend to introduce expert testimony including psychiatric psychological testimony, nor any evidence of any post arrest examinations of the defendant at trial.”
Said Notice did not specify the “sum and substance” of any of the proffered records or the amount of, the names of or the “sum and substance” of the lay witnesses or their testimony. Said Notice also did not specify under which subdivision of CPL 250.10 or what defense(s) the defendant was giving notice of.
The issues presented herein are:
(1) Should defendant’s Notice be struck as late?
(2) Should defendant’s Notice be struck as so vague as to be no notice at all?
(3) If Notice is accepted in the discretion of the court, should the prosecution be granted examinations of the defendant by its own experts?
(4) If Notice is accepted in the discretion of the court, should the prosecution be granted discovery as to the records and witnesses intended to be used by defendant at trial?
CPL 250.10 was amended in 1982 to expand the notice requirement beyond those situations where psychiatric evidence would be used in the affirmative defense of insanity (CPL 250.10 [1] [a]) to include its use in the affirmative defense of extreme emotional disturbance (CPL 250.10 [1] [b]) and any other defenses (CPL 250.10 [1] [c]; People v Berk, 88 NY2d 257 [1996]; People v Cruickshank, 105 AD2d 325 [3d Dept 1985]).
The phrase “mental disease or defect,” however, was not altered in the 1982 legislation and such term in the subdivisions of CPL 250.10 should be given a broader reading to reflect any mental infirmity even if not arising to the level of insanity. (People v Cruickshank, supra.)
CPL 250.10 (2) requires defendant’s written notice before trial and not more than 30 days after entry of a not guilty plea to be admissible at trial. Late notice may be served at the discretion of the court in the interest of justice and for good cause shown. (CPL 250.10 [2].)
The District Attorney moves to strike the defendant’s Notice, which was served on July 28, 1999, almost 15 months after the arraignment and not guilty plea on May 4, 1998, as late. It is also argued that without specifying which paragraph of CPL *116 250.10 (1) the defendant is relying on for her defense, the Notice is no notice at all.
During oral argument the defendant was granted leave to and did amend her Notice to indicate that said Notice goes to CPL 250.10 (1) (c) (any other defense) and said defense relied upon is diminished capacity wherein the defendant is either retarded or of such diminished intellect so as to negate the element of intent of any crime charged herein.* Defendant further argues that it was not possible to give earlier notice of such defense or intent to proffer any psychiatric evidence as that decision was made within the two weeks prior to the July 28, 1999 filing of the Notice because of the length of time it took to gather and analyze the records, the time necessary for the expansive amount of motions in this case and the fact that this is a death penalty case. Defense counsel even argues that the delay in serving such late notice is akin to the lateness of notice in People v Holland (173 Misc 2d 286 [Westchester County Ct 1997]), save that defense counsel’s house did not burn down.
As the Honorable Chief Judge Kaye wrote in People v Berk (supra, at 266): “The trial court’s discretion in this matter, however, is not absolute. Exclusion of relevant and probative testimony as a sanction for a defendant’s failure to comply with a statutory notice requirement implicates a defendant’s constitutional right to present witnesses in his own defense [citations omitted]. In making its determination, the trial court must therefore weigh this right against the resultant prejudice to the People from the belated notice.”
Voluminous motion practice previously conducted in the case and issues underlying the potential imposition of the death penalty (along with the illness and a fire in the defense attorney’s house) were found to be good cause shown for a late notice being filed. (People v Holland, supra, at 287.)
In addition to those factors common with Holland (supra), defense counsel herein also argues that subpoenas for records were very slow to be complied with and, in some instances, are still not complied with.
The instant matter herein began the jury selection process on August 16, 1999 by calling 200 potential jurors per day to *117 fill out the extensive jury questionnaire. After the close of the court’s calendar on August 27, 1999 some 2,000 potential jurors will have been called for the questionnaire. Seven hundred juror numbers will then be pulled and the individual voir dire process will begin on September 7,1999. This court anticipates, notwithstanding a recently filed change of venue motion, that a jury will be selected and the guilt phase of the trial will commence on October 12, 1999.
Therefore, any prejudice to the prosecution to prepare for trial, in regard to the now-noticed defense, can be overcome by timely discovery from the defense as to their intended proof and timely examinations of the defendant by the prosecutor’s experts.
 This court finds that there is good cause shown by the defense for the late Notice, that any ambiguity or vagueness concerning defendant’s original Notice has been cured by the amended Notice at oral argument and in the interest of justice denies that portion of the prosecutor’s OSC to strike the defendant’s Notice as flawed and untimely.
This court has reviewed in camera the voluminous educational records and extensive records of the Sullivan County Division of Health and Family Services submitted herein as specified under defendant’s Notice. This court has not been given a list of the “lay witnesses” specified in the Notice nor the “sum and substance” of their intended testimony during the guilt phase of the trial.
The records submitted herein contain various “testing” of the defendant during her formative school years involving I.Q. and psychological tests as well as her grades and other pertinent data used by schools for educational needs and classification of its students.
The defense argues that since the defendant was not examined by a psychiatric expert for the guilt phase and because there will be no expert testimony elicited at the guilt phase that, therefore, the defendant has not waived her constitutional rights against self-incrimination and the prosecution is not entitled to an independent examination of the defendant.
Prior to the 1982 amendment to CPL 250.10, the Court of Appeals decided Matter of Lee v County Ct. (27 NY2d 432 [1971]). In Lee, the Court granted psychiatric examinations to the prosecution following defendant’s imposition of an insanity defense. The Lee Court quoted Judge Conway in People v Es *118 posito (287 NY 389, 397): “defendants may not both advance their claims and then seek to make the rules for the determination of those claims. Since they desired to present their claims that they were not legally responsible for their acts because of mental defect they were subject to the use of methods set up objectively by the medical profession for the proper determination of such claims.”
In 1981 the Court of Appeals decided People v Segal (54 NY2d 58). The Segal Court granted prosecution examinations of a defendant imposing a defense of “impaired memory” under the Lee rationale. Segal pointed out that the prosecution bears the burden of proving every element of the crime charged and to put the prosecution to their proof with respect to the defendant’s mental capacity without affording the People the opportunity to examine the defendant would deny them the chance to effectively meet their burden. (People v Segal, supra, at 66-67.)
Following the 1982 amendment the Court of Appeals decided People v Berk (88 NY2d 257 [1996], supra). The Berk Court granted examinations to the prosecution with respect to the defense of extreme emotional disturbance even though the defendant’s medical expert had not examined the defendant. The Berk Court opined that the prosecution must have “an opportunity to obtain any mental health evidence necessary to refute a defense of mental infirmity, [and] it follows that it applies to any mental health evidence to be offered by the defendant in connection with such a defense.” (People v Berk, supra, at 265 [emphasis added].)
In the within matter, the defendant argues that the prosecution should not be allowed to examine her because she was not examined by any expert who would testify on her behalf during the guilt phase of the trial (as in Lee and Segal [supra]) nor would an expert testify on her behalf during the guilt phase of the trial without examining her (as in Berk [supra]). She argues that, in fact, no expert will be testifying on her behalf at all during the' guilt phase of the trial and, therefore, she should not have to submit to an examination by an expert designated by the prosecution.
Intent is an element of the various crimes under which the defendant is indicted and the prosecution has the burden of proving each element beyond a reasonable doubt.
It would be unfair for the defendant to raise a defense involving her mental capacity and then hide behind her constitutional rights thereby making the prosecution’s burden of proof insurmountable. (People v Segal, supra.)
*119 The right of the People to conduct examinations depends on whether the defendant is interposing a defense using psychiatric evidence, not the purpose for which the evidence is submitted. If the evidence is relevant to the defense interposed it is evidence the prosecutor must meet and fairness requires an examination by the prosecutor’s experts. (People v Prater, 172 Misc 2d 831 [Sup Ct, Kings County 1997]; Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 250.10, at 332.)
The purpose of CPL 250.10 is to ensure the prosecution the means to refute the proffered defense of mental infirmity. This is so even where the mental health evidence did not derive from an examination of the defendant. The notice requirement allows the People the opportunity to obtain any mental health evidence it deems necessary to meet any mental health evidence offered by the defendant as to a defense. (People v Berk, supra, at 264-265.)
The defendant relies upon People v Morgan (178 Misc 2d 554 [Fulton County Ct 1998]). In Morgan, the court found that the prosecution was not entitled to a psychiatric examination in response to defendant’s CPL 250.10 notice as the defense was relying upon lay evidence only with no psychiatric examination or expert testimony. That court said, “However, the People overread Berk in this regard.” (People v Morgan, supra, at 559.)
This court does not agree with the Morgan court and respectfully declines to follow its findings or reasoning.
This court finds that the prosecution has a right under CPL 250.10 to an independent examination of the defendant by an expert of his choosing and grants that portion of the prosecutor’s OSC requesting said examination.
Based upon the above, it is hereby ordered that the defendant’s late “notice of intent to proffer psychiatric testimony cpl § 250.10” as amended at oral argument to specify the defense of diminished capacity under CPL 250.10 (1) (c) is accepted, and it is further ordered that the portion of the prosecutor’s order to show cause requesting vacatur of the defendant’s Notice herein is denied, and it is further ordered that the portion of the prosecutor’s order to show cause requesting an independent examination of the defendant is granted to the extent that any examination or examinations necessary for the prosecution to rebut the intended diminished capacity defense may be conducted by an expert or experts designated by the prosecutor; however, said examinations are to be medi *120 cally driven and not for the prosecutor’s use for discovery purposes, and it is further ordered that the defense shall turn over to the prosecutor copies of all records and documents intended to be introduced by defendant during the guilt phase as to the intended diminished capacity defense, and it is further ordered that the defense shall furnish to the prosecutor a list of each lay witness it intends to call during the guilt phase as to the intended diminished capacity defense and the sum and substance of said witnesses’ testimony, and it is further ordered that if the copies of the records and documents, witness list and sum and substance statements are not served upon the prosecutor by September 7, 1999 and if the defendant shall not cooperate in any examination or examinations conducted on behalf of the prosecutor, this court shall, upon application by the prosecutor, strike the defendant’s Notice herein and preclude any psychiatric evidence sought to be introduced by the defendant at the guilt phase of the trial.

 It is axiomatic that a Notice which gives the prosecution no indication as to which CPL 250.10 subdivision is being relied upon by the defendant in her defense is an abstraction. “Because a CPL 250.10 (1) (a) insanity affirmative defense differs from the one described in CPL 250.10 (1) (c),” actual notice of the defendant’s intended defense is necessary to the Notice or it is flawed. (People v Almonor, 93 NY2d 571, 580 [1999].)