■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHIMAR BOWMAN, Appellant. [855 NYS2d 70]—

Judgment, Supreme Court, New York County (William A. Wetzel, J., at suppression hearing; Edward J. McLaughlin, J., at plea and sentence), rendered January 5, 2006, convicting defendant of robbery in the second and third degrees, attempted robbery in the second degree and sexual abuse in the first degree, and sentencing him, as a second violent felony offender, to an aggregate term of 15 years, respectively, unanimously affirmed.

The hearing court properly denied defense counsel's request for a new CPL article 730 exam, which was based on defendant's inappropriate behavior at the hearing. Likewise, there was no need for the plea court to make any further inquiry into defendant's mental condition. Nothing in the record casts doubt on defendant's mental competency (*see Pate v Robinson*, 383 US 375 [1966]; *People v Tortorici*, 92 NY2d 757, 766 [1999], *cert denied* 528 US 834 [1999]; *People v Morgan*, 87 NY2d 878, 881 [1995]), and there is no indication that anything about defendant's mental state impaired the voluntariness of his plea or his waiver of the right to appeal. Three months prior to the suppression hearing, a prior court had found defendant competent after a thorough CPL article 730 hearing, where the court credited psychiatric testimony that defendant's bizarre behavior was entirely feigned as a means of avoiding trial. The psychiatrist had testified that, among other things, defendant would pretend to have hallucinations. There is no reason to believe that the finding of malingering was incorrect, or that, at the time of the suppression hearing, defendant had somehow ceased malingering and become genuinely incompetent.

After sufficient inquiry (*see People v Frederick*, 45 NY2d 520 [1978]), the court properly denied defendant's meritless motion to withdraw his guilty plea. The record establishes the voluntariness of the plea (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]). There was no need for the court to assign new counsel for the plea withdrawal application, since there was no merit to defendant's attacks on his attorney, and counsel's comments in response to defendant's motion were "not adverse to defendant's interests and did not influence the court's decision to deny defendant's motion" (*People v Castro*, 242 AD2d 445 [1997], *lv denied* 90 NY2d 1010 [1997]).

Defendant's written waiver, his colloquy with the plea court,

and his extensive consultations with his attorney establish a valid and enforceable waiver of the right to appeal (*see People v Ramos*, 7 NY3d 737 [2006]; *People v Lopez*, 6 NY3d 248 [2006]). To the extent that, at sentencing, defendant claimed the waiver was not knowing and voluntary, that claim is contradicted by the plea minutes. This waiver forecloses review of defendant's suppression and excessive sentence claims. As an alternative holding, we reject them on the merits. Concur—Lippman, P.J., Tom, Buckley and Moskowitz, JJ.