■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNY ALEXIS, Appellant. [921 NYS2d 210]—

The record establishes that defendant was mentally competent at the time of trial (*see Pate v Robinson*, 383 US 375 [1966]). The court's determination that defendant was fit to proceed is entitled to great weight on appeal, given the conflicting medical testimony at the competency hearing (*see People v McMillan*, 212 AD2d 445 [1995], *lv denied* 85 NY2d 976 [1995]). The record supports the court's decision to credit the People's psychiatrists, who found defendant competent.

Neither defendant's brief psychiatric hospitalization two months after the competency determination nor his behavior at trial required the court to order a further competency hearing or to reevaluate its prior ruling (*see People v Tortorici*, 92 NY2d 757, 765-766 [1999]; *People v Bowman*, 50 AD3d 291 [2008], *lv denied* 10 NY3d 956 [2008]). The fact that a defendant receives psychiatric treatment from correctional authorities shortly after a finding of competency does not necessarily call that finding into question (*see People v Figueroa*, 39 AD2d 527 [1972], *affd* 33 NY2d 660 [1973]). At most, the posthearing events confirmed the undisputed fact that defendant was psychiatrically ill, but they cast no doubt on the finding that his illness did not prevent him from understanding the legal process or assisting his attorney in his defense.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9

NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's rejection, after weighing conflicting expert testimony, of defendant's insanity defense and his claims regarding lack of intent. These claims were significantly undermined by defendant's statements to the police and the circumstances of the crimes.

We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Freedman and Abdus-Salaam, JJ.

Motion to expand judgment roll denied.