■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE LONGENDYKE, Appellant.—Appeal from a judgment of the County Court of Ulster County, rendered June 25, 1976, convicting defendant, upon his plea of guilty, of the crimes of burglary in the first degree and criminal mischief in the second degree. Defendant was sentenced under the burglary count to an indeterminate term of imprisonment with a maximum of 10 years and a minimum of three and one-half years, and under the criminal mischief count to an indeterminate term with a maximum of seven years and a minimum of two and one-third years, the sentences to run consecutively. Defendant contends that the criminal mischief and burglary offenses were part of a single transaction, and upon his plea of guilty the former count should have been dismissed as a lesser included offense of the burglary count. However, a comparison of section 140.30 of the Penal Law defining burglary in the first degree and section 145.10 defining criminal mischief in the second degree makes it clear that the two offenses contain different elements. Furthermore, it is not impossible to commit the greater offense without at the same time committing the lesser offense (cf. *People v Grier,* 37 NY2d 847; *People v Hayes,* 43 AD2d 99, affd 35 NY2d 907). Accordingly, it was not improper to accept defendant's plea of guilty to the entire indictment. Defendant, citing subdivision 2 of section 70.25 of the Penal Law, also contends that the sentences herein must run concurrently and not consecutively. However, it is clear that the first degree burglary and second degree criminal mischief are separate and distinct acts. Under such circumstances sentences to be served consecutively are permissible *(People v Almeida,* 39 NY2d 823; *People v Tanner,* 30 NY2d 102, 108; *People v Baker,*

27 AD2d 269, affd 19 NY2d 982; *People ex rel. Eldard v La Vallee,* 15 AD2d 611). Defendant's contention that the sentences are excessive is not persuasive. Discretion in imposing sentence rests with the trial court and unless there is a clear abuse of that discretion it will not be disturbed upon appeal. The trial court had before it a presentence report and we cannot say that the sentences imposed were unduly harsh and excessive *(People v Finke,* 51 AD2d 1089). Finally, the record furnishes no support for defendant's claim that his plea of guilty was induced by a guarantee by his attorney of a five-year term. In fact, the record shows that on the plea proceedings the prosecutor stated that no promise of any kind had been made by the District Attorney's office in return for the plea. Judgment affirmed. Koreman, P. J., Sweeney, Kane, Mahoney and Main, JJ., concur.