■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELVIN DAVIS, Also Known as KELVIN BOWENS, Appellant.— Judgment, Supreme Court, New York County (Stephen J. Crane, J.), rendered December 7, 1988, convicting defendant after jury trial of manslaughter in the first degree and criminal possession of a weapon in the second and third degrees and sentencing him to an indeterminate term of imprisonment of 12½ to 25 years on the manslaughter count, to run consecutively to two concurrent terms of 3½ to 7 years on the remaining counts, unanimously affirmed.

In the early morning hours of February 15, 1987, two private security guards were summoned to an apartment at the Martinique Hotel by residents complaining of a loud argument between defendant and his wife. One of the guards argued and grappled with defendant, at one point holding him against the floor in an attempt to calm defendant down. After defendant was released, and as the guards were leaving, defendant grabbed a sawed-off shotgun which he kept in his apartment and, at close range, shot and killed the security guard, who in defendant's mind had "disrespected" him.

Defendant does not challenge his guilt of either manslaughter or possession of a weapon. He does contend that his sentence was both illegal, and excessive. Neither claim has merit.

Contrary to defendant's argument, consecutive sentences were properly imposed pursuant to Penal Law § 70.25 (2) for the manslaughter and possession of a weapon counts, since possession of the weapon and its subsequent use were separate successive acts. *(People v Robbins,* 118 AD2d 820, *lv denied* 67 NY2d 949.) Nor were the aggregate sentences imposed excessive, in view of the brutality of the present offenses and defendant's prior criminal history.

The contention that defendant received ineffective assistance of counsel is predicated on counsel's alleged failure to advise defendant of his right to testify before the grand jury. The contention is bereft of any factual predicate, as the trial court, after a hearing, found that defendant was in fact advised of his right to testify by his assigned Legal Aid attorney. We discern no basis to disturb the trial court's findings of fact in this regard. Concur—Murphy, P. J., Milonas, Ellerin, Wallach and Smith, JJ.