■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES SOUTHERN, Appellant. [603 NYS2d 128] —Judgment, Supreme Court, New York County (Juanita Bing Newton, J.), rendered September 17, 1990, convicting defendant, after a jury trial, of manslaughter in the second degree, criminal possession of a weapon in the second degree, and menacing in the second degree, and sentencing him to two consecutive indeterminate terms of 5 to 15 years imprisonment, to be served concurrently with the 90 day term of imprisonment imposed for menacing, unanimously affirmed.

Defendant was convicted for offenses arising out of two separate incidents, during which defendant used the same gun. The first incident on August 30, 1989, in which the then 16 year old defendant threatened to shoot another teenager, resulted in the menacing conviction, while the second incident on September 12, 1989 resulted in defendant fatally shooting another teenager in the back in a Times Square arcade.

The police had been provided with sufficient probable cause for the arrest, predicated on information provided by witnesses whose knowledge of the events established their reliability *(People v Johnson,* 66 NY2d 398, 402; *People v Gonzalez,* 138 AD2d 622, 623, *lv denied* 71 NY2d 1027). We find no basis to disturb the findings of the suppression court that defendant's statements were voluntarily made. The offenses were properly joined pursuant to CPL 200.20 (2) (b); we find no basis for severance. Defendant's claim of repugnant verdicts is unpreserved for review as a result of defendant's failure to raise the claim prior to discharge of the jury *(People v Satloff,* 56 NY2d 745) and we decline to review in the interest of justice. Were we to do so, we would nevertheless find that his

possession of the weapon with intent to use was sufficiently distinct from the reckless shooting itself that no repugnancy or inconsistency inhered in the jury's verdicts.

Likewise, with respect to the imposition of consecutive sentences, the question of whether the defendant intended to use the weapon unlawfully against another (Penal Law § 265.03) was for the jury to decide in view of the circumstances of the case. Moreover, given the statutory presumption of intent (Penal Law § 265.15 [4]), which is permissive, and defendant's own testimony regarding his possessing and brandishing of the weapon prior to the shooting, the jury could, if it so desired, reasonably infer such intent. Thus, the possessory crime was complete prior to the shooting, the subsequent unlawful use of the weapon is punishable as a separate crime, and consecutive sentences were properly imposed.

We have reviewed defendant's remaining contentions. Some are unpreserved; all are meritless. Concur—Carro, J. P., Wallach, Kupferman, Kassal and Rubin, JJ.