■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN VALVERDE, Appellant. [614 NYS2d 402] —Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered June 11, 1992, convicting defendant, after a jury trial, of manslaughter in the first degree and criminal possession of a weapon in the second degree, and sentencing him to consecutive prison terms of 8 to 24 years and 2 to 6 years, respectively, unanimously affirmed.

Viewed in the light most favorable to the People (People v Malizia, 62 NY2d 755, cert denied 469 US 932), there was sufficient evidence of defendant's intent to kill Joel Schoenfeld to support his conviction of manslaughter in the first degree. Moreover, upon an independent review of the facts, the verdict was not against the weight of the evidence (People v Bleakley, 69 NY2d 490). After defendant acquired a gun from his friend and learned how to operate it, he went to the victim's apartment, accused him of raping his girlfriend, stated that he had made up his mind, ordered a receptionist present to turn around, and fired a shot which struck the victim in the head. Defendant's intent to cause death was readily inferrible from his actions (People v Bracey, 41 NY2d 296). Furthermore, although defendant claims that he proved at trial that he was not mentally responsible for Schoenfeld's death, the jury was entitled to reject this defense. The credibility of such a defense was particularly suspect since defendant never mentioned to anyone a causal link between his sexual abuse as a child and the homicide until he spoke to a psychiatrist nearly a year after the killing.

Defendant's unpreserved argument that the court ruled against him on evidentiary matters because it harbored a resentment against him for refusing to testify at the trial of the friend who supplied the gun is without merit. In addition,

there is no merit to defendant's unpreserved arguments that the court gave erroneous instructions on intent and expert testimony. Furthermore, contrary to defendant's unpreserved argument, the court was not required to marshal the evidence. There is also no merit to defendant's unpreserved claims that the prosecutor acted improperly by misstating the evidence, expressing a personal belief in defendant's guilt, and denigrating the defense.

Contrary to defendant's argument, the imposition of consecutive sentences was proper since the possessory crime was complete prior to the shooting (see, *People v Southern,* 198 AD2d 24, *lv denied* 83 NY2d 810).

There also is no merit to defendant's claim that his sentence was unduly harsh. Concur—Sullivan, J. P., Rosenberger, Ross, Williams and Tom, JJ.