■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDGAR SIMPSON, Appellant. [619 NYS2d 259] —Judgment, Supreme Court, New York County (Dorothy A. Cropper, J., at plea and sentence), rendered November 23, 1992, convicting defendant, upon a guilty plea, of one count each of man-

slaughter in the first degree (Penal Law § 125.20 [1]), criminal possession of a weapon in the second degree (Penal Law § 265.03), and criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]), and sentencing him to a prison term of 8⅓ to 25 years on the manslaughter count to run consecutively to two concurrent terms of 1⅔ to 5 years on the weapons counts, unanimously affirmed.

On August 14, 1991, defendant was visiting his ex-girlfriend, Tanacia McLean, at Ms. McLean's apartment when Kevin Turner, her current boyfriend, called on the intercom from outside the building. Ms. McLean's brother, who was also present in the apartment, allegedly saw defendant put a gun in the front of his pants immediately following Mr. Turner's call. Defendant, at the behest of his ex-girlfriend, allegedly agreed to remain in the apartment while she went downstairs to speak with Mr. Turner. After Ms. McLean and Mr. Turner began arguing, defendant descended the stairs and, after a brief verbal confrontation, shot Mr. Turner in the head, inflicting a wound from which he died two days later.

Contrary to defendant's assertions, the plea bargain, which provided that the manslaughter count was to run consecutively with the weapons counts, was not improper. It is clear that defendant's possession of a weapon, which was complete prior to the shooting, and its subsequent use were separate, successive acts allowing for the imposition of consecutive sentences (see, Penal Law § 70.25 [2]; *People v Valverde,* 205 AD2d 444, 445; *People v Southern,* 198 AD2d 24, 25, *lv denied* 83 NY2d 810; *People v Davis,* 174 AD2d 369, 370, *lv denied* 83 NY2d 966; *People v Robbins,* 118 AD2d 820, *lv denied* 67 NY2d 949).

The unpublished Decision and Order of this Court entered on October 20, 1994 is recalled and vacated. Concur—Murphy, P. J., Sullivan, Rosenberger, Nardelli and Tom, JJ.