■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATALE CARBONE, Appellant. [628 NYS2d 117] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Golia, J.), rendered August 10, 1992, convicting him of manslaughter in the first degree, attempted manslaughter in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing consecutive

indeterminate terms of 8⅓ to 25 years imprisonment for manslaughter in the first degree, 5 to 15 years imprisonment for attempted manslaughter in the first degree, and 5 to 15 years imprisonment for criminal possession of a weapon in the second degree.

Ordered that the judgment is modified, on the law, by providing that the sentence imposed upon the defendant's conviction of criminal possession of a weapon in the second degree shall run concurrently to the consecutive sentences imposed upon the defendant's convictions of manslaughter in the first degree and attempted manslaughter in the first degree; as so modified, the judgment is affirmed.

The defendant contends, *inter alia,* that the trial court erred by denying his request to charge the jury on the affirmative defense of not guilty by reason of mental disease or defect *(see,* Penal Law § 40.15). We disagree. Viewing the evidence in a light most favorable to the defendant *(see, People v White,* 79 NY2d 900, 903), the trial court correctly determined that there was no reasonable interpretation of the evidence to support the requested charge. The defendant's own expert testified that the defendant did not lack substantial capacity to know or appreciate the nature and consequences of his conduct or that his conduct was wrong *(see,* Penal Law § 40.15; *People v MacDowell,* 133 Misc 2d 944).

However, under the facts of this case, the sentence imposed for the defendant's conviction of criminal possession of a weapon in the second degree must run concurrently with the consecutive sentences imposed for the convictions of manslaughter in the first degree and attempted manslaughter in the first degree, and the defendant's sentence is modified accordingly *(see,* Penal Law § 70.25 [2]).

The defendant's sentence is not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are unpreserved for appellate review. Bracken, J. P., Joy, Friedmann and Florio, JJ., concur.