THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDGAR BURGOS, Appellant. [640 NYS2d 487]

Defendant's claim that he was prejudiced by certain testimony of an Assistant District Attorney, given on redirect, is unavailing, since the court sustained the defense objection to the challenged testimony and directed that it be stricken from the record (*see, People v Howard*, 207 AD2d 751, *lv denied* 84 NY2d 1012). In any event, we find that the witness was properly permitted to testify that he did not believe the confession of a third party, ultimately called as a defense witness at trial, who claimed that he, rather than defendant, did the shooting. Defense counsel opened the door to this testimony by suggesting on cross-examination of the witness that the police prematurely settled on defendant as the suspect, and refused to investigate further leads, including the third party's confession given shortly after the shooting.

With one exception, the prosecutor's summation referred to matters in evidence and did not request that the jury draw unwarranted conclusions therefrom. Although the prosecutor did stray outside the record in arguing that the third party who confessed to the crime would not be prosecuted, there being no evidence to support such an assertion, the court sustained the objection thereto and directed the jury to disregard the comment (*see, People v Ferguson*, 82 NY2d 837). The jury is presumed to have followed that instruction (*see, People v Davis*, 58 NY2d 1102, 1104), and defendant did not request any further relief. Thus, no error of law is preserved for our review (*People v Medina*, 53 NY2d 951). Defendant's additional

challenges to the prosecutor's summation are unpreserved since no specific objections were made (*People v Balls*, 69 NY2d 641), and, in any event, the claims would not warrant reversal.

Defendant was properly sentenced to a consecutive term for his conviction of third-degree weapon possession since the two crimes were not committed through a single act. Concur—Sullivan, J. P., Wallach, Kupferman and Tom, JJ.