■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL FELIX, Appellant. [648 NYS2d 87] —Judgment, Supreme Court, New York County (Howard Bell, J.), rendered August 9, 1993, convicting defendant, after a jury trial, of attempted murder in the second degree, criminal use of a firearm in the first degree, and criminal possession of a weapon in the second and third degrees, and sentencing him to concurrent terms of $8^1/_3$ to 25 years and $12^1/_2$ to 25 years on the attempted murder and criminal use of a firearm convictions, respectively, to run consecutively to concurrent terms of 5 to 15 years and $2^1/_3$ to 7 years on the weapon possession convictions, unanimously affirmed.

The trial court correctly refused defendant's request for an intoxication charge given the sketchy evidence of defendant's alcohol consumption, viewed together with his previous threat to kill the victim, and his announcement of his intent to kill her immediately before firing his revolver into her chest and back at point-blank range.

Defendant's request to have the jury instructed on extreme emotional disturbance was properly denied for failure to give written notice, before trial, of his intent to present such a defense (CPL 250.10 [1] [b]; [2]). Absent such notice, designed to afford the prosecution opportunity to obtain evidence to counter the defense, the People would be placed at an unfair disadvantage (*People v Berk*, 88 NY2d 257, 263). Moreover, charging the affirmative defense would have invited the jury to speculate impermissibly as to defendant's state of mind at the

time of the shooting because the evidence showed, at most, that he acted out of anger or embarrassment at being rejected by the victim, emotions "not equivalent to the loss of self-control generally associated with that defense" (*People v Walker*, 64 NY2d 741, 743; *People v Tulloch*, 179 AD2d 794, 795, *lv denied* 79 NY2d 1008).

The weapon possession sentences were properly directed to run consecutively to the attempted murder and criminal use of a firearm sentences since there was evidence that defendant possessed the weapon and placed it in the back seat of a car before accosting the victim and shooting her (*People v Burgos*, 225 AD2d 416, 417, *lv denied* 88 NY2d 876; *People v Southern*, 198 AD2d 24, 25, *lv denied* 83 NY2d 810). Concur—Milonas, J. P., Ellerin, Wallach, Rubin and Kupferman, JJ.