■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALIEK DUPREE, Appellant. [656 NYS2d 659] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered July 13, 1995, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing concurrent indeterminate terms of 5 to 15 years imprisonment for criminal possession of a weapon in the second degree and $2^1/_3$ to 7 years imprisonment for criminal possession of a weapon in the third degree to run consecutively to the indeterminate term of 25 years to life imprisonment imposed for murder in the second degree.

Ordered that the judgment is modified, on the law, by providing that the sentence imposed upon the defendant's conviction for criminal possession of a weapon in the second degree shall run concurrently with the sentence imposed upon the defendant's conviction for murder in the second degree; as so modified, the judgment is affirmed.

We agree with the defendant's contention that the sentence

imposed for criminal possession of a weapon in the second degree must run concurrently with the sentence for murder in the second degree. There was no proof that the defendant intended to use the gun unlawfully prior to the shooting, and both crimes were committed through a single act *(see generally, People v Day,* 73 NY2d 208; *see also, People v Carbone,* 215 AD2d 681; *People v Palmer,* 197 AD2d 712; *People v Jenkins,* 176 AD2d 348).

However, the court did not err in running the sentence for criminal possession of a weapon in the third degree consecutively to the sentence imposed for murder in the second degree. The defendant admitted to a police officer that he possessed the subject weapon for about a month prior to the shooting of the victim. Therefore, the crime of criminal possession of a weapon in the third degree was complete prior to the shooting, and it was punishable as a separate offense *(see, e.g., People v Baro,* 236 AD2d 307; *People v Burgos,* 225 AD2d 416; *see also, People v Almodovar,* 62 NY2d 126; *cf., People v Jackson,* 226 AD2d 476).

The sentence imposed is neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are unpreserved for appellate review *(see,* CPL 470.05 [2]). Mangano, P. J., O'Brien, Thompson and Goldstein, JJ., concur.