■ In the Matter of JEFFREY C., a Child Alleged to be a Juvenile Delinquent, Appellant. [658 NYS2d 892] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Fitzmaurice, J.), dated May 9, 1996, which, upon a fact-finding order of the same court (De Phillips, J.), dated April 18, 1996, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of attempted robbery in the first degree, adjudged him to be a juvenile delinquent and placed him in nonsecure detention with the Division for Youth for a period of 18 months. The appeal brings up for review the fact-finding order dated April 18, 1996.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant contends that the Family Court's findings of fact were against the weight of the evidence and that the presentment agency failed to prove his guilt beyond a reasonable doubt, since the complainant's testimony was incredible and he offered strong alibi testimony. Viewing the evidence in the light most favorable to the presentment agency (cf., People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the appellant's guilt beyond a reasonable doubt (see, Family Ct Act § 342.2 [2]). Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the

finder of fact, which saw and heard the witnesses *(cf., People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(cf., People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the court's finding of guilt was not against the weight of the evidence *(see, Matter of Andrew Michael S.,* 100 AD2d 851). Miller, J. P., Joy, Goldstein and Florio, JJ., concur.