■ In the Matter of JAY R., a Person Alleged to be a Juvenile Delinquent, Appellant. [681 NYS2d 15] —Order of disposition, Family Court, Bronx County (Myrna Martinez-Perez, J.), entered on or about September 9, 1997, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that appellant committed acts, which if committed by an adult, would constitute the crimes of burglary in the second degree, burglary in the third degree, criminal mischief in the fourth degree, criminal trespass in the second degree, criminal trespass in the third degree, petit larceny, and criminal possession of stolen property in the fifth degree, and placed appellant with the Division for Youth for a period of 18 months, unanimously modified, on the law, to the extent of vacating the findings and dismissing the charges of burglary in the third degree, criminal trespass in the second degree, and criminal trespass in the third degree, and otherwise affirmed, without costs.

The court's fact-finding determination was based on legally sufficient evidence and was not against the weight of the evidence. Appellant's participation was amply established by the complainant's testimony that he saw appellant, moments after the crime, exiting the adjacent building with several individu-

als, one of whom the complainant had seen in his apartment, and that immediately thereafter he saw the police recover part of his property from each member of a group of three persons that included appellant (*see, People v Davis*, 213 AD2d 289, *lv denied* 85 NY2d 937).

As the presentment agency correctly concedes, the crimes of burglary in the third degree, criminal trespass in the second degree, and criminal trespass in the third degree are all lesser included offenses of burglary in the second degree, so that these charges should be dismissed (CPL 300.40 [3] [b]). Concur—Lerner, P. J., Sullivan, Nardelli and Rubin, JJ.