■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY R. RIVERS, Appellant. [691 NYS2d 488] —Judgment, Supreme Court, Bronx County (Martin Marcus, J.), rendered May 28, 1997, convicting defendant, after a jury trial, of attempted assault in the second degree, and sentencing him to a term of 1$\frac{1}{3}$ to 4 years, unanimously affirmed.

The court properly refused defendant's request for a charge on the defense of intoxication. The evidence of intoxication, although properly admitted as relevant to certain counts of which defendant was acquitted, did not rise to the level required for an intoxication charge (*see, People v Gaines*, 83 NY2d 925, 927; *People v Rodriguez*, 76 NY2d 918, 920-921; *People v Felix*, 232 AD2d 228, *lv denied* 89 NY2d 864).

We perceive no abuse of sentencing discretion. Defendant's claim that the sentencing court improperly considered the charges of which defendant was acquitted is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court carefully and explicitly stated on the record that it was imposing sentence solely upon the charges as reflected in the jury's verdict. The court properly exercised its discretion in permitting family members of a police officer who died during this incident to speak at sentencing even though defendant was acquitted of all charges relating to the officer. Even if these persons were not "victims" within the meaning of CPL 380.50 (2) (a) (*but see*, CPL 380.50 [2] [a] [1]), we read the statute as granting victims

the right to make statements at sentencing, not as limiting the court's discretion to permit additional persons to speak. In any event, the court explicitly stated that it was not considering these statements in imposing sentence. Concur—Sullivan, J. P., Williams, Wallach, Lerner and Friedman, JJ.