OPINION OF THE COURT
Seymour Rotker, J.
Defendant was convicted of driving while intoxicated, but *754 acquitted of manslaughter and vehicular assault. By order to show cause dated August 7, 2000, the defendant has raised objections to consideration by the court of certain material offered in connection with imposition of a sentence in this matter. The People have responded by way of affirmation in opposition dated August 15, 2000. The New York City Department of Probation has filed an affirmation by their Associate General Counsel which is dated August 15, 2000. Her affirmation sets forth the Department’s position with respect to the issues raised by the defendant. All of these documents have been considered by this court.
The defendant argues that the inclusion of a victim impact statement in the presentence report is not appropriate in this case due to the defendant’s acquittal with respect to certain charges against him. He also contends that the People improperly communicated to the court a letter from relatives of the deceased. He submits that the contents of said letter should not be considered by the court. In addition, by letter dated August 1, 2000, the defendant raises the issue of alleged factual errors and/or unsupported conclusions which he claims are contained in the probation report dated July 27, 2000.
Victim Impact Statement
CPL 390.30 (3) (b) mandates that every presentence report “shall * * * contain a victim impact statement” which must include, among other things, “an analysis of the victim’s version of the offense.” Although the term “victim” is not explicitly defined in the statute, rules of statutory construction require that the language be “construed according to its natural and most obvious sense” (McKinney’s Cons Laws of NY, Book 1, Statutes § 94). Merriam-Webster’s Collegiate Dictionary defines “victim” as “one that is acted on, usually adversely, by a force or agent.”
Applying this broad definition of the term “victim,” Mr. Hurtado’s wife and son were “acted upon” by the events of April 26, 1998 and, therefore, have a statutory right to communicate to the Probation Department their version of the events of that night, its impact on their family and their views regarding the appropriate deposition. The Probation Department, and ultimately the court itself, retains discretion to determine the relevance of their comments, if any, to the issue of sentencing.
Assuming, however, that this section does not specifically provide a forum for Mr. Hurtado’s family, CPL 390.30 (1) mandates that the Probation Department gather information *755 “with respect to the circumstances attending the commission of the offense, the defendant’s history of delinquency or criminality, and the defendant’s social history [etc.].” This investigation may include “any other matter” that the Department “deems relevant to the question of sentence” and “must include any matter the court directs to be included.” (CPL 390.30 [1].)
The imposition of a fair and just sentence is undoubtedly one of the most challenging and difficult tasks with which a Judge is charged. Although the controlling statutes set forth no specific criteria to be followed by the court in this regard, the general rule is that the Trial Judge may exercise broad discretion in the sources and types of evidence used to assist him in deciding an appropriate sentence (Williams v New York, 337 US 241 [1949]; United States v Tucker, 404 US 443 [1972]). In order to arrive at a fair and proper sentence, a broad scope of inquiry into the life of the defendant is essential (United States v Grayson, 438 US 41 [1978]; Gregg v United States, 394 US 489 [1969]). The court may properly consider many factors including even offenses for which the defendant has not been convicted (Williams v New York, supra; Annotation, Court’s Right, in Imposing Sentence, to Hear Evidence of, or to Consider, Other Offenses Committed by Defendant, 96 ALR2d 768).
The fact that the defendant was acquitted of many of the charges against him should not and does not, as a matter of law, preclude the court from at least hearing whatever evidence, whether positive or negative, that it believes may assist it in fashioning an appropriate sentence. The court was unable to find beyond a reasonable doubt that the defendant’s intoxication alone was the cause of the accident which resulted in the death of Mr. Hurtado, in serious injury to his wife and in untold suffering to the Hurtado family. This does not necessarily mean, as the defendant argues, that he bears no responsibility for this tragedy. The statement by the defendant’s counsel that “driving while intoxicated in this case is a victimless crime”[1] is not at all well taken by the court.
Aside from parameters of punishment defined by the statute which defines the offense, the only real limit to the court’s discretion in imposing sentence is the defendant’s right to be sentenced on reliable and accurate information (United States v Atkins, 480 F2d 1223). This right, in turn, is protected by the procedural right to a reasonable opportunity to “refute the ag *756 gravating factors which might have negatively influenced the court” (People v Redman, 148 AD2d 966 [4th Dept 1989], lv denied 74 NY2d 745). The defendant has been afforded ample notice of any negative factors which might be considered by the court. He has had ample opportunity not only to refute these negative factors but also to present whatever positive information that he wishes the court to consider.
The court will, therefore, consider the victim impact statement contained in the probation report as well as the defendant’s response thereto and will give it whatever weight it deems appropriate.
The Hurtado Letter
. With respect to the Hurtado letter, the defendant argues that CPL 380.50 (2) (a) (2); (b) precludes a written communication of the views of the victim’s family. This misreads the intent of the statute. CPL 380.50 (2) (a) (2); (b) provides a limited right for victims of felonies to directly address the court at the time of sentencing. In People v Rivers (262 AD2d 108, 108-109 [1st Dept 1999]),[2] the First Department explicitly held that CPL 380.50 should be read as affirmatively “granting victims the right to make statements at sentencing, not as limiting the court’s discretion to permit additional persons to speak.” Although the members of the Hurtado family have no statutory right to address the court at sentencing under CPL 380.50,[3] Rivers recognizes the court’s right to hear them if, in its discretion, it feels that they have relevant information to offer and if allowing them the right to speak would not be otherwise inappropriate or disruptive (see, People v Julia, 40 AD2d 560 [2d Dept 1972]). In light of Rivers, the Hurtado family retains the right under CPL 390.30 (3) to communicate their views to the Probation Department. Moreover, the prosecutor has an implied right under CPL 380.50 (1) to bring their letter to the court’s attention if he wishes to do so.
The only fault the court finds with respect to the Hurtado letter is procedural rather than substantive. Title L of the Criminal Procedure Law sets forth specific procedures for the communication of information to the court regarding sentencing. Various provisions of title L call for a probation report and a presentencing conference. The title also allows various par *757 ties to address the court at the time of sentence. Perhaps it would have been more procedurally correct to bring the letter to the court’s attention via a formal conference or via the Probation Department’s report; however, in this case, at least, the failure to follow those procedures has no prejudicial effect with respect to the defendant’s rights. The purpose of the statutory scheme is to assure that there is a formal procedure in place that allows both sides to communicate to the court their views on sentencing and to do so not on the day of sentence, when passions will likely run high, but in advance, when these delicate matters can be given dispassionate consideration. The procedure employed by the People in this case, while perhaps not specifically authorized by statute, has given the defendant a full and fair opportunity to be heard in opposition which is all that the law requires.
The court will, therefore, consider the Hurtado letter and give it what weight it deems appropriate in the context of all of the other information, both positive and negative, which the parties or the Probation Department bring to its attention.
Objections to Probation Report
Finally, the court has considered the defendant’s objections to the presentence report, as set forth in counsel’s letter dated August 1, 2000. The prosecutor has responded to this letter by his own letter dated August 15, 2000 and addressed to the objections raised by the defendant. The court has likewise considered the prosecutor’s response and has ordered a revised report from the Probation Department to address some of these issues. That report will be available to all parties prior to sentence. Both parties will be able to fully address the accuracy of facts and conclusions which may be contained in this revised or in the prior report in a presentence conference, by written memoranda, or at the time of sentence.

. Defendant’s order to show cause [f 11.

. In Rivers (supra), the Court allowed members of a slain police officer’s family to address the court at sentence even though the defendant had been acquitted of all charges relating to the officer’s death.

. This is not necessarily because they are not “victims,” it is because CPL 380.50 (2) (a) (2); (b), by its terms, applies only to felony convictions.