■ In the Matter of SHAMASIA M., a Person Alleged to be in Need of Supervision and a Juvenile Delinquent, Appellant. [771 NYS2d 541]—

In a proceeding pursuant to Family Court Act article 7 to adjudge the appellant a person in need of supervision and a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from (1) an order of the Family Court, Nassau County (Eisman, J.), dated August 28, 2002, which dismissed the petition to adjudge the appellant a person in need of supervision, (2) a fact-finding order of the same court dated September 12, 2002, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of attempted burglary in the second degree, attempted burglary in the third degree, criminal mischief in the fourth degree, and attempted criminal mischief in the fourth degree, and (3) an order of disposition of the same court also dated September 12, 2002, which, upon the fact-finding order, and upon the appellant's consent, adjudged her to be a juvenile delinquent and placed her in the custody of the Nassau County Department of Social Services for a period of 12 months.

Ordered that the appeal from the order dated August 28, 2002, which dismissed the petition to adjudge the appellant a person in need of supervision is dismissed, without costs or disbursements, on the ground that the appellant is not aggrieved by that order (*see* CPLR 5511); and it is further,

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the order of disposition; and it is further,

Ordered that the appeal from so much of the order of disposition as placed the appellant in the custody of the Commissioner of Social Services for a period of 12 months is dismissed, without costs or disbursements; and it is further,

Ordered that the order of disposition is modified, on the law, by vacating the provision thereof which adjudicated the appellant a juvenile delinquent based upon the finding that she committed acts which, if committed by an adult, would have constituted the crimes of attempted burglary in the third degree and attempted criminal mischief in the fourth degree, and substituting therefor a provision dismissing the second and fourth counts of the petition; as so modified, the order of disposition is affirmed insofar as reviewed, without costs or disbursements, and the fact-finding order is modified accordingly.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of Stafford B.,* 187 AD2d 649, 650 [1992]; *cf. People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to prove beyond a reasonable doubt that the appellant committed acts which, if committed by an adult, would have constituted attempted burglary in the second degree and criminal mischief in the fourth degree (*see* Penal Law §§ 110.00, 140.25 [2]; § 145.00 [1]). Resolution of issues of credibility, as well as the weight to be accorded the evidence, are primarily questions to be determined by the finder of fact, which saw and heard the witnesses (*see Matter of Nnennya P.,* 247 AD2d 476, 477 [1998]; *cf. People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see Matter of Donnell T.,* 265 AD2d 330, 331 [1999]; *Matter of Jeffrey C.,* 239 AD2d 413, 414 [1997]; *Matter of Stafford B., supra).* Upon the exercise of our factual review power, we are satisfied that the determination was not against the weight of the evidence (*cf.* CPL 470.15 [5]).

Contrary to the appellant's contention, criminal mischief in the fourth degree is not a lesser-included offense of attempted burglary in the second degree (*see People v Glover,* 57 NY2d 61, 63-64 [1982]; *People v Longendyke,* 56 AD2d 683 [1977]). Therefore, the failure of the Family Court to dismiss the count of the petition charging criminal mischief in the fourth degree upon the finding as to the count of attempted burglary in the second degree was not improper (*cf.* CPL 300.40 [3] [b]). However, the charges of attempted burglary in the third degree and attempted criminal mischief in the fourth degree should have been dismissed, as they are, respectively, lesser-included offenses of the charges of attempted burglary in the second degree and criminal mischief in the fourth degree, respectively (*see Matter of Jay R.,* 255 AD2d 134, 135 [1998]; *cf.* CPL 1.20 [37]; 300.40 [3] [b]).

The appeal from so much of the dispositional order as placed the appellant in the custody of the Commissioner of Social Services must be dismissed as academic because the 12 months placement period has expired, and a subsequent order extending placement has been entered, from which no appeal has been taken (*see Matter of Jonathan G.,* 278 AD2d 324, 325 [2000]; *cf. Matter of Eddie E.,* 219 AD2d 719 [1995]). Moreover, the appellant is not aggrieved by that part of the order of disposition, since she waived her right to a dispositional hearing and consented to the disposition (*see Matter of Stevenson J.,* 306 AD2d 412, 413 [2003]; *Matter of Nicole G.,* 274 AD2d 478, 479 [2000]). Florio, J.P., H. Miller, Schmidt and Crane, JJ., concur.