■ The People of the State of New York, Respondent, v Melvin Rosario, Appellant. [810 NYS2d 55]—

Judgment, Supreme Court, Bronx County (Ira R. Globerman J.), rendered May 19, 1998, convicting defendant, upon his plea of guilty, of manslaughter in the first degree and criminal possession of a weapon in the third degree, and sentencing him to consecutive terms of $12^{1}/_{2}$ to 25 years and $2^{1}/_{2}$ to 5 years, respectively, unanimously modified, on the law, to the extent of directing that the sentences run concurrently, and otherwise affirmed.

Defendant was indicted for murder in the second degree, manslaughter in the first degree, criminal use of a firearm in the first degree, and criminal possession of a weapon in the second and third degrees for the June 1997 killing of 24-year-old Ramon Mendez. The shooting of Mr. Mendez by defendant occurred after an altercation between the victim and defendant's wife and girlfriend. Immediately after confronting the victim twice, defendant met up with some friends who had driven to the scene. They gave him a .38 caliber pistol. Defendant then walked back to confront Mr. Mendez a third time at which point the victim put his hands up. Defendant, however, put the gun to Mr. Mendez's head and fired. He tried to fire a second time but the gun did not respond. Defendant discarded the weapon within minutes of the shooting before he was arrested.

On May 19, 1998, the court sentenced defendant in accordance with a plea agreement whereby defendant pleaded guilty to manslaughter in the first degree and criminal possession of a weapon in the third degree in exchange for a total sentence of 15 to 30 years. The sentence covered any violation of probation under a prior youthful offender adjudication. The court imposed consecutive indeterminate prison terms of $12^{1}/_{2}$ to 25 years for first-degree manslaughter and $2^{1}/_{2}$ to 5 years for third-degree weapon possession.

On appeal, defendant argues that pursuant to Penal Law § 70.25 (2) the sentences are required to run concurrently since the manslaughter and weapon possession were committed through a single act. Further, defendant asserts that his right to challenge the legality of his sentence is not waived.

We agree, and for the following reasons modify the judgment to the extent of vacating the consecutive sentences and directing that the sentences run concurrently. As a threshold issue,

we determine that defendant, notwithstanding a plea of guilty, may advance the contention on appeal that his sentences should run concurrently and are therefore illegal (*People v Laureano*, 87 NY2d 640, 643 [1996]). Further, we find that the court violated Penal Law § 70.25 (2) by imposing consecutive sentences.

Penal Law § 70.25 (2) governs consecutive and concurrent sentencing and provides that "[w]hen more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other, the sentences . . . must run concurrently." Under either of these circumstances, the court has no discretion; concurrent sentences are mandated (*People v Hamilton*, 4 NY3d 654 [2005]).

The *Hamilton* court held that concurrent sentences were mandated because the defendant, convicted of shooting two people, was found guilty of second-degree weapon possession (i.e. possession with "intent to use [the pistol] unlawfully against another"); because there was no doubt that the defendant intended to use it specifically on the victims; and because "there was no proof of a separate intent to use the gun unlawfully" (*People v Hamilton*, 4 NY3d at 658). The Court explained that in order for consecutive sentences to be properly imposed, the People would have had to establish that the defendant "possessed the pistol with a purpose unrelated to his intent to shoot" the victims (*id.*). The Court, therefore, concluded that the weapon possession charge overlapped with the manslaughter and assault charges and thus the consecutive sentences were illegal.

In the instant case, the People assert that, since defendant was convicted of third-degree weapon possession—a charge that does not include the element of purpose or intent—the legality of the sentences cannot depend on proof that the defendant possessed any "intent separate of his intent to shoot [the victim]." The People's assertion is correct so far as it goes. Where this Court has upheld consecutive sentences for convictions on two or more offenses that include third-degree weapon possession, we have required that possession and use are separate or successive acts (*see People v Baro*, 236 AD2d 307 [1997], *lv denied* 89 NY2d 1032 [1997] [court did not err in sentencing defendant to concurrent terms for first-degree manslaughter and second-degree weapon possession and a consecutive term for third-degree possession because evidence showed that his unlawful possession was punishable separately from his unlawful use];

*People v Peterson*, 216 AD2d 32 [1995] [court properly imposed consecutive sentences for manslaughter, second-degree possession and third-degree possession because each charge was based on separate acts]; *see also People v Simpson*, 209 AD2d 281 [1994] [defendant's possession of a weapon was complete prior to shooting and its subsequent use was a separate, successive act]).

This Court's holding in *Simpson (supra)* is illuminating. In that case, we determined that the consecutive sentences were properly imposed after observing that the defendant "put a gun in the front of his pants" immediately following the victim's call but before going downstairs to break up an argument between the victim and the defendant's ex-girlfriend by shooting the victim (209 AD2d at 282). In other words, we determined that the defendant had possessed the weapon prior to, and independent of, any of the events leading to the shooting.

Our holding in *Simpson* appears entirely consistent with that of the *Hamilton* court requiring that, where a weapon possession conviction is one of two or more convictions, it must involve either a different weapon or a different event in order for consecutive sentences to be lawful (*People v Hamilton*, 4 NY3d at 658). In that case, the defendant heard one of the victims, whom he suspected of stealing, telling others on the street that he was going to leave; the defendant then went into a building, emerged with a gun in his hand and, after a verbal dispute, shot both victims (*id.* at 657). The Court concluded that "the weapon possession was not separate and distinct from the shootings" (*id.* at 659).*

The facts are comparable to the case at bar: Defendant, after confronting the victim twice, walked down the block where a friend gave him a gun; defendant then walked back to where the victim stood and shot him. Defendant obtained the gun during a continued altercation with the deceased. Defendant fired a fatal shot and when apprehended "minutes" later, he no longer possessed the weapon. Thus, as in *Hamilton* there is "no allegation that the weapon count referred to a different pistol or a different event" than the manslaughter count (*Hamilton*, 4 NY3d at 658). We conclude therefore, that the court violated Penal Law § 70.25 (2) by imposing defendant's weapon possession sentence to run consecutively with the sentence for manslaughter.

---

* In its own footnote, the *Hamilton* court drew attention to the decisions of other Appellate Divisions that applied this rule consistently (*People v Hamilton*, 4 NY3d at 659 n 2, citing, inter alia, *People v Washington*, 9 AD3d 499 [3d Dept 2004] [consecutive sentences prohibited where People did not allege that defendant possessed the gun for any purpose other than the murder]).

We have considered and rejected defendant's remaining claim that his total sentence of 15 to 30 years is excessive. Concur—Mazzarelli, J.P., Saxe, Sweeny, Catterson and Malone, JJ.