■ In the Matter of RICHARD M., Appellant. [932 NYS2d 165]—

The appellant contends that the expert witness in fingerprint comparison and identification did not give adequate factual detail to support his conclusion that three latent fingerprints left at the scene of the burglary matched known fingerprints of the appellant. Contrary to the appellant's contention, the opinion of the expert witness was supported by a sufficient factual basis establishing that an accepted methodology was appropriately employed (*see People v Jones*, 73 NY2d 427, 430 [1989]; *People v Garcia*, 299 AD2d 493 [2002]; *see generally Parker v Mobil Oil Corp.*, 7 NY3d 434, 447 [2006]).

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]; *cf. People v Contes*, 60 NY2d 620, 621 [1983]), we find that there was legally sufficient evidence to prove that the appellant committed acts which, if committed by an adult, would have constituted the crimes of burglary in the second degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fourth degree (*cf. People v Urquidez*, 5 AD3d 800, 801 [2004]; *People v Hirsch*, 280 AD2d 612 [2001]; *People v Murray*, 168 AD2d 573, 573 [1990]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Michale A.C.*, 73 AD3d 1042, 1043 [2010]; *cf.* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the opportunity of the finder of fact to view the witnesses, hear the

testimony, and observe demeanor (*see Matter of Hasan C.*, 59 AD3d 617, 617-618 [2009]; *cf. People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon our review of the record, we are satisfied that the Family Court's determination is not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *cf. People v Romero*, 7 NY3d 633 [2006]).

Criminal trespass in the third degree (*see* Penal Law § 140.10 [a]) is a lesser-included offense of burglary in the second degree (*see* Penal Law § 140.25 [2]; *Matter of Jay R.*, 255 AD2d 134 [1998]). Accordingly, the count of the petition charging criminal trespass in the third degree should have been dismissed (*see* CPL 300.40 [3] [b]; *Matter of Jaleel H.*, 36 AD3d 808, 809-810 [2007]). Angiolillo, J.P., Florio, Leventhal and Cohen, JJ., concur.