*859 Appeal by the defendant from a judgment of the Supreme Court, Kings County (Balter, J.), rendered October 4, 2011, convicting him of burglary in the second degree, criminal trespass in the second degree, and criminal possession of stolen property in the fifth degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Mangano, Jr., J.), of that branch of the defendant’s omnibus motion which was to suppress physical evidence.
Ordered that the judgment is modified, on the law, by vacating the conviction of criminal trespass in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.
Contrary to the defendant’s contention, the Supreme Court properly denied that branch of his omnibus motion which was to suppress physical evidence. A police officer received a radio report of a burglary in progress at an apartment building at 426 Rockaway Parkway. Within minutes, the officer responded to that location and found four men, including the defendant, leaving the building. The men generally matched the description reported. At that point, the officer justifiably exercised her common-law right to inquire (see People v De Bour, 40 NY2d 210 [1976]; People v Day, 8 AD3d 495, 496 [2004]). When the men provided the officer with evasive and vague answers regarding their presence in the building, the right to inquire ripened into reasonable suspicion, justifying their brief detention while other officers investigated the defendant’s claim that the men were visiting someone in an apartment other than the one that had been burglarized (see People v Blas, 70 AD3d 846, 847 [2010]; People v Solomon, 6 AD3d 335, 336 [2004]; People v Sims, 127 AD2d 712 [1987]). Once the police confirmed that there was no one home in that apartment, they possessed probable cause to arrest the defendant for criminal trespass in the second degree (see Penal Law § 140.15; Matter of Darnel B., 248 AD2d 464 [1998]; People v Judge, 236 AD2d 319 [1997]; Matter of Troy F., 138 AD2d 707 [1988]). The search of the defendant’s pockets, from which women’s jewelry and latex gloves were recovered, was lawful as incident to his arrest (see People v Vasquez, 94 AD3d 915 [2012]).
The Supreme Court properly charged the jury with respect to the rule that an inference of guilt may be drawn from recent and exclusive possession of the fruits of the crime (see People v Baskerville, 60 NY2d 374, 382 [1983]; People v Galbo, 218 NY 283 [1916]).
*860 However, as the People correctly concede, the defendant’s conviction of criminal trespass in the second degree must be vacated and that count dismissed as an inclusory concurrent count of burglary in the second degree (see Matter of Richard M., 89 AD3d 849 [2011]; People v Rickett, 259 AD2d 636, 637 [1999], affd 94 NY2d 929 [2000]). Dickerson, J.E, Chambers, Roman and Miller, JJ., concur.