People v Sims (2021 NY Slip Op 06200)





People v Sims


2021 NY Slip Op 06200


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
FRANCESCA E. CONNOLLY
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2019-14072
 (Ind. No. 18-00685)

[*1]The People of the State of New York, respondent,
v
Andre R. Sims, appellant.


Greenwald Law, P.C., Chester, NY (David L. Gove and David A. Brodsky of counsel), for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Edward D. Saslaw of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig Stephen Brown, J.), rendered November 19, 2019, convicting him of coercion in the first degree, unlawful imprisonment in the first degree, criminal obstruction of breathing or blood circulation, menacing in the second degree, reckless endangerment in the second degree, unlawful fleeing a police officer in a motor vehicle in the third degree, and reckless driving, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the conviction of unlawful imprisonment in the first degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.
The defendant's challenge to the legal sufficiency of the evidence with respect to his convictions of menacing in the second degree, reckless endangerment in the second degree, unlawful fleeing a police officer in a motor vehicle in the third degree, and reckless driving is not preserved for appellate review (see CPL 470.05[2]; People v Gray, 86 NY2d 10, 19). In any event, viewing the evidence in the light most favorable to the prosecution, it was legally sufficient to establish the defendant's guilt of those counts beyond a reasonable doubt (see People v Contes, 60 NY2d 620, 621). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdicts of guilt were not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the jury verdicts were repugnant is unpreserved for appellate review (see People v Shoshi, 177 AD3d 779, 779; People v Ransom, 170 AD3d 1199, 1200). In any event, this contention is without merit. "'[A] verdict is repugnant only if it is legally [*2]impossible—under all conceivable circumstances—for the jury to have convicted the defendant on one count but not the other'" (People v Johnson, 159 AD3d 833, 834, quoting People v Muhammad, 17 NY3d 532, 539-540; see People v DeLee, 24 NY3d 603, 608). "In determining whether a verdict is legally repugnant, the court reviews 'the elements of the offenses as charged to the jury without regard to the proof that was actually presented at trial'" (People v Johnson, 159 AD3d at 834, quoting People v Muhammad, 17 NY3d at 542; see People v Tucker, 55 NY2d 1, 4). Here, viewing the elements of the offenses as charged to the jury, the acquittals on the charges of rape in the first degree and criminal sexual act in the first degree did not negate any of the essential elements of the charges of coercion in the first degree, unlawful imprisonment in the first degree, criminal obstruction of breathing or blood circulation, or menacing in the second degree.
The defendant failed to preserve for appellate review his claim that his conviction of unlawful imprisonment in the first degree should merge into the rape and criminal sexual act counts for which he was acquitted because he failed to challenge the verdict on this basis before the County Court (see People v Balde, 260 AD2d 579, 579). However, upon exercising our interest of justice jurisdiction, we conclude that the merger doctrine precludes the defendant's conviction of unlawful imprisonment in the first degree because the confinement of the complaining witness in the defendant's car was only the incidental means to the accomplishment of the conduct underlying the counts of which the defendant was acquitted (see People v Gonzalez, 80 NY2d 146, 152), as well as the criminal obstruction of breathing or blood circulation charge for which he was found guilty (see People v Cassidy, 40 NY2d 763, 768). Thus, the conviction of unlawful imprisonment in the first degree must be vacated and that count of the indictment dismissed. The defendant's unpreserved contention that the merger doctrine applies to other offenses for which he was convicted is without merit (see People v Crosdale, 103 AD3d 749, 751).
The defendant's contention that the County Court improperly considered the charges of which he was acquitted in imposing sentence is unpreserved for appellate review (see People v Morgan, 27 AD3d 579; People v Rivers, 262 AD2d 108). In any event, "[v]iewing the sentencing court's comments as a whole, it is clear that the sentence imposed was not based upon crimes of which the defendant was acquitted" (People v Robinson, 250 AD2d 629, 629; see People v Rivers, 262 AD2d at 108).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CHAMBERS, J.P., CONNOLLY, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court