People v Burch (2022 NY Slip Op 00313)





People v Burch


2022 NY Slip Op 00313


Decided on January 19, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2018-08808
 (Ind. No. 1256/17)

[*1]The People of the State of New York, respondent,
v
Chandler Burch, appellant.


Patricia Pazner, New York, NY (Hannah Kon of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Andrew S. Ayala of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Danny K. Chun, J.), rendered June 20, 2018, as amended June 22, 2018, convicting him of criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Joanne D. Quiñones, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statement to law enforcement officials.
ORDERED that the judgment, as amended, is affirmed.
At a suppression hearing, the People presented evidence that the defendant entered a bodega as two unmarked police vehicles approached and exited the bodega moments later. A police sergeant testified that he observed the defendant dispose of an object that looked like a firearm inside the bodega. According to the sergeant, he had an unimpeded view from his vehicle of the defendant through the window of the bodega, approximately 20 to 30 feet away. The sergeant left his vehicle and approached the defendant, asking him what he put in the bodega. The sergeant testified that the defendant denied putting anything in the bodega but admitted to possessing crack cocaine. The defendant was arrested, and crack cocaine was recovered from his pocket. A gun was recovered from a garbage can near the window of the bodega. In addition to police testimony, surveillance video evidence of the interior and exterior of the bodega was introduced during the hearing.
"A hearing court's determination as to witness credibility is accorded great weight on appeal, as it saw and heard the witnesses, and its determination will not be disturbed unless clearly unsupported by the evidence" (People v Rodriguez, 194 AD3d 968, 972 [internal quotation marks omitted], lv granted 37 NY3d 995). Contrary to the defendant's contention, the video evidence did not undermine the sergeant's testimony that he had an unobstructed view of the defendant when he entered the bodega. Further, there is no support for the defendant's contentions that the sergeant's testimony was incredible, patently tailored to nullify constitutional objections, or otherwise unworthy of belief (see People v McCurbin, 188 AD3d 1098, 1099).
The Supreme Court properly determined that the defendant's incriminating statement, [*2]made in response to a single question, was not the result of a custodial interrogation (see People v Huffman, 41 NY2d 29, 34; People v Valentin, 118 AD3d 823, 824). The crack cocaine was subsequently recovered during a search incident to the defendant's lawful arrest (see People v Houston, 177 AD3d 902, 903). Accordingly, the court properly denied those branches of the defendant's omnibus motion which were to suppress the crack cocaine recovered from his person and his statement to law enforcement officials.
The defendant's contention that he was deprived of the effective assistance of counsel because his trial counsel failed to move to reopen the suppression hearing is without merit. Counsel will not be deemed ineffective for failing to pursue an argument that has little or no chance of success (see People v Williams, 35 NY3d 24, 46; People v Caban, 5 NY3d 143, 152). The defendant has not established that the police testimony at the suppression hearing was inconsistent with testimony elicited from other police witnesses at trial, and it is unlikely that the Supreme Court would have granted an application to reopen the suppression hearing or, if it had done so, that it would have suppressed the physical evidence as a result (see People v Hines, 172 AD3d 1225, 1226; People v Hogue, 166 AD3d 1009, 1010). Accordingly, trial counsel was not ineffective for failing to make that application.
The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit.
RIVERA, J.P., HINDS-RADIX, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court