People v Staley (2025 NY Slip Op 03744)

People v Staley

2025 NY Slip Op 03744

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2019-14615
 (Ind. No. 2440/17)

[*1]The People of the State of New York, respondent,
v
Jarrett Staley, appellant.

Patricia Pazner, New York, NY (Tina Peng and Mark W. Vorkink of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Rahul Sukesh of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Michael B. Aloise, J.), rendered December 10, 2019, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Steven W. Paynter, J.), after a hearing (Arthur J. Cooperman, J.H.O.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
At a suppression hearing, two police officers, who responded separately to the scene after receiving a radio run, testified on behalf of the People. The contents of the radio run consisted of an assault in progress with a knife at a deli and that the suspect was still at the scene. Within three minutes, the first responding officer and his sergeant arrived at the scene and found the defendant standing outside in front of the deli. They exited the patrol car, and the officer went inside while the sergeant stayed in close proximity to the defendant outside. When the officer entered the deli, within a few seconds, the complainant pointed toward the door and said, "that's him, that's him." After the complainant made this statement, the officer exited the deli, handcuffed the defendant, patted him down, and recovered a grouting knife from the defendant's right sweatshirt pocket. Thereafter, a second officer, who arrived at the deli shortly after the first officer and the sergeant, spoke with the visibly injured and bleeding complainant, who informed that officer, in sum and substance, that the defendant struck him several times with a knife when he tried to prevent the defendant from leaving the deli without paying for his drink.
Following the suppression hearing, the Supreme Court, inter alia, denied that branch of the defendant's omnibus motion which was to suppress the physical evidence recovered from the defendant's sweatshirt pocket.
"On a motion to suppress physical evidence, the People bear the burden of going forward to establish the legality of police conduct in the first instance. Once the People have met their initial burden, the defendant bears the ultimate burden of proving the illegality of the search and seizure" (People v Hill, 219 AD3d 953, 954 [internal quotation marks omitted]; see People v [*2]Clements, 221 AD3d 1023, 1024-1025). "The factual findings and credibility determinations of the Supreme Court following a suppression hearing are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record" (People v Etienne, 233 AD3d 705, 706 [internal quotation marks omitted]; see People v Ramjattan, 219 AD3d 1348, 1349).
The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress the physical evidence found on his person. Here, the People met their burden by demonstrating that the responding police officers had a common-law right of inquiry when they arrived at the scene, and seized the defendant only after the complainant identified him as the perpetrator (see People v Moore, 6 NY3d 496, 500; People v Smith, 168 AD3d 885, 885; People v Vasquez, 112 AD3d 858, 859). Moreover, "[i]nformation provided by an identified citizen accusing another individual of a specific crime is legally sufficient to provide the police with probable cause to arrest" (People v Griffin, 15 AD3d 502, 502; see People v Nieves, 26 AD3d 519, 520). Under these circumstances, having probable cause to arrest the defendant, the first responding officer's search of the defendant after he was handcuffed was lawful (see People v Burch, 201 AD3d 811, 812; People v Rios, 11 AD3d 641, 642).
Contrary to the defendant's contention, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Baque, 43 NY3d 26, 30; People v Zuniga, 235 AD3d 1018, 1019). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 644).
The defendant's acquittal on charges of robbery, assault, petit larceny, and criminal possession of stolen property was not repugnant to or inconsistent with his conviction because the charged elements of each of those offenses are not identical to criminal possession of a weapon in the third degree and do not necessarily negate an essential element of this charge (see People v Sims, 199 AD3d 841, 842; People v France, 172 AD3d 900, 901).
The defendant's contention that he was deprived of a fair trial by alleged prosecutorial misconduct based upon the prosecutor's comments during her summation is unpreserved for appellate review, as defense counsel either failed to object to the challenged comments or failed to object with sufficient specificity (see CPL 470.05[2]; People v Adorno, 210 AD3d 113, 121). In any event, the challenged comments were fair comment on the evidence and the reasonable inferences to be drawn therefrom, fair response to defense counsel's summation, or constituted harmless error, and did not deprive the defendant of a fair trial (see People v Murphy, 218 AD3d 795, 797; People v Evans, 127 AD3d 780, 782).
Contrary to the defendant's contention, a review of the record shows that the defendant was afforded the effective assistance of counsel (see Strickland v Washington, 466 US 668; People v Pearsall, 171 AD3d 1096, 1096-1097).
BARROS, J.P., WARHIT, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court